NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRIS CRUZ, | Civil Action No. 18-1071 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Iris Cruz ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 19, 2013. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on August 22, 2016, and the ALJ issued an unfavorable decision on October 19, 2016. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 19, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ erred at steps two and three;[1] 2) the residual functional capacity determination at step four is not supported by substantial evidence; and 3) the Commissioner did not satisfy the burden of proof at step five.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar

---

[1] Plaintiff concedes that any error at step two had no impact on the outcome of the disability determination, and the Court will not consider arguments that have no material effect. (Pl.'s Br. 19.)

procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

At step three, Plaintiff argues that the ALJ made an erroneous factual determination and that he failed to properly consider equivalence to Listing 1.04A. As to that Listing, the ALJ wrote:

> Section 1.04 was considered. Diagnostic evidence establishes disc herniation at multiple levels with mild to moderate stenosis (Exhibit 7F); however, there is no evidence of cord impingement and no evidence of associated neurological deficits.

(Tr. 19.) Plaintiff points out, correctly, that the record contains clear evidence of cord impingement in Dr. Tanenbaum's radiological report dated July 13, 2007. (Tr. 252.) The date of that report is over six years before the period at issue, and Plaintiff has not pointed to any evidence of cord impingement that is closer in time, despite the fact that the record contains ample documentation of Plaintiff's spinal problems during the period at issue. In particular, the MRI report dated October 14, 2014 does not mention cord impingement. (Tr. 393-94.)

Furthermore, Plaintiff has not demonstrated that, even if the statement about cord impingement is erroneous, the error is material or harmful. In opposition, the Commissioner

points to Listing 1.04A, which Plaintiff contends she meets:

> 1.04 ***Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .

As the Commissioner argues, Listing 1.04A does not mention cord impingement. Plaintiff has not demonstrated that any error in the ALJ's determination about cord impingement affected the outcome of the determination at step three. Crucially, Plaintiff has not disputed the ALJ's determination that there was no evidence of associated neurological deficits. Nor has Plaintiff pointed to evidence that she has met all of the requirements of paragraph A.

Furthermore, while Plaintiff argues that the ALJ failed to properly consider medical equivalence to Listing 1.04A based on a combination of impairments, Plaintiff offers no basis for this Court to find that the evidence might have supported a determination of medical equivalence. Plaintiff points to no medical evidence of equivalence in the record but, instead, argues as if the ALJ should have made a determination of medical equivalence without medical evidence. Like the determination that a claimant meets a Listing, the determination of equivalence to a Listing must be based on evidence of medical equivalence.[2] Plaintiff has not

---

2 Although Social Security Ruling 17-2p was promulgated in March of 2017 and was not in effect at the time of the ALJ's decision in 2016, it makes express this fundamental principal: "The adjudicator must base his or her decision about whether the individual's impairment(s) medically equals a listing on the preponderance of the evidence in the record." The Ruling may be subsequent to the decision, but the fundamental principle applied in 2016. The ALJ does not make independent medical judgments.

pointed to any medical evidence of equivalence. The ALJ could not have properly found medical equivalence in the absence of evidence of medical equivalence. To argue otherwise is to ask the ALJ to make a medical judgment *sua sponte*, which the ALJ may not do. Plaintiff has failed to show that the ALJ erred at step three, or that she was harmed by any errors.

At step four, the ALJ reviewed the medical evidence and gave "some weight" to the assessment from the state agency medical consultant that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. (Tr. 23.) The ALJ concluded that evidence obtained subsequent to this assessment persuaded him to find a more restricted residual functional capacity, for sedentary work, with additional limitations. While Plaintiff argues at length that this is unreasonable, the bottom line is that Plaintiff cites no medical evidence of limitations to her functional capacity. Plaintiff does point to the medical evidence supporting her complaints of pain, and there is certainly medical evidence of record that supports Plaintiff's complaints of pain. This does not show, however, that the ALJ erred, for two reasons. First, the ALJ acknowledged the evidence of treatment for pain, but stated that the evidence of record showed that, in 2016, Plaintiff received a series of injection treatments that substantially alleviated her pain. Plaintiff has not pointed to evidence which rebuts this finding. Second, it is not sufficient at step four to demonstrate medical evidence of pain; the question is whether the pain produces a limitation in functional capacity. Plaintiff has pointed to no evidence that her pain limited her ability to work. This Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

As to step five, where the Commissioner bears the burden of proof, Plaintiff argues that

Plaintiff has limitations that were not included in the hypothetical. Plaintiff does not contend that the hypothetical was inconsistent with the step four residual functional capacity determination but, rather, that the hypothetical, like the residual functional capacity determination, is wrong. As already discussed, Plaintiff has failed to prove that the ALJ erred in the residual functional capacity determination. The use of a hypothetical at step five that is consistent with the residual functional capacity determination at step four is not error.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                           s/ Stanley R. Chesler
                                         STANLEY R. CHESLER, U.S.D.J.

Dated: April 17, 2019